# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICHOLETTE BRADFORD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-18-1008-HE |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Nicholette Bradford filed this case seeking judicial review of the Social Security Administration's denial of her application for disability insurance benefits. The case was referred to U.S. Magistrate Judge Gary Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (b)(3), and Fed.R.Civ.P. 72(b). Judge Purcell has submitted a Report and Recommendation (the "Report") recommending that the Commissioner's decision be affirmed. The parties were advised of their right to file an objection to the Report. Plaintiff has filed an objection to the Report, triggering *de novo* review by the court of the matters to which objection was made.

## Background

Plaintiff applied for disability benefits in 2016 based on reported impairments of obesity, fibromyalgia, affective disorder (bipolar) and anxiety disorder. The Social Security Administration denied her application and she requested a hearing before an ALJ. A hearing was held at which plaintiff and a vocational expert testified.

The ALJ issued a ruling concluding that plaintiff was not disabled. The ALJ employed the customary five-step sequential analysis in making that determination. 20 C.F.R. § 416.920. She concluded at step one that plaintiff had not been engaged in substantial gainful activity since January 8, 2015. At steps two and three, the ALJ determined that plaintiff had severe impairments of obesity, fibromyalgia, affective disorder (bipolar), and anxiety disorder during the relevant period, but that the impairments were not severe enough to meet the listings for presumptive disability. Administrative Record ("AR") at 15-18. She then proceeded to make the step four determination of residual functional capacity ("RFC"), concluding that plaintiff had the capacity to perform light work subject to various restrictions and limitations. The limitation pertinent to plaintiff's objection here is that plaintiff's work needed to involve only "occasional interaction with co-workers, supervisors, and [the] public …." *Id*. The ALJ finally concluded, at step five, that a significant number of jobs existed in the national economy which someone with plaintiff's background and RFC could perform. She therefore concluded plaintiff was not disabled during the pertinent time period. The ALJ's ruling was upheld by the Appeals Council and hence became the final decision of the Commissioner.

## **Analysis**

Plaintiff initially challenged the ALJ's determination on the basis that the medical opinions in the case, to which the ALJ indicated she would give "great weight," included limitations on contact with the public that were more stringent than those adopted by the

ALJ.[1] Plaintiff therefore contended that the ALJ's determination was not supported by substantial evidence. In the Report, the Magistrate Judge noted that giving a medical opinion great weight does not oblige an ALJ to adopt every single aspect of the opinion. He further concluded there was substantial evidence in the record supporting the limitation adopted by the ALJ — limiting plaintiff to "occasional" contact, rather than all contact, with the public.

In her objection to the Report, plaintiff contends the substantial evidence noted by the Magistrate Judge was a "post-hoc rationalization" by the Magistrate Judge. She concedes the ALJ was not bound to adopt every limitation included in the medical opinions to which she gave great weight, but contends the ALJ did not sufficiently explain why she adopted a limitation different from those in the medical opinions

Whether viewed as a challenge to the sufficiency of the evidence or as a challenge to the sufficiency of the explanation, the court concludes plaintiff's objections are unpersuasive. Largely for the reasons identified by the Magistrate Judge, there was ample evidence to support the particular limitation adopted. Further, the ALJ's discussion of plaintiff's limitations was sufficient to explain and justify the particular limitation at which the ALJ arrived. The ALJ's ruling specifically noted the limitation referenced by the medical consultants (AR at 21) but went on to analyze in some detail other aspects of

---

[1] Both doctors included in their reports the statement "Claimant cannot relate to the general public." It is worthy of note, however, that the doctors were not of one mind as to the extent of plaintiff's limitations in dealing with the public: Dr. Painton concluded her ability to interact with the general public was "markedly limited." AR at 63. Dr. Kelley concluded her ability was "moderately limited." AR at 81.

plaintiff's medical and mental health. AR at 18-21. It noted that plaintiff had received appropriate medical attention, both physical and mental, from her providers and that her medications had been "relatively effective" in controlling her symptoms. *Id*. at 21. The ALJ noted that the intensity, persistence, and limiting effects of some of plaintiff's symptoms were not borne out in the records. *Id*. at 22. Finally, the ALJ discussed evidence of other factors that supported the RFC finding, such as plaintiff's daily activities

While the ALJ's discussion could have been more explicit and detailed in its discussion of the "public" limitation, that is true of virtually every issue in cases of this sort. Here, the court concludes the ALJ's analysis and explanation were sufficient and declines to overturn the decision simply on the basis of how it was worded. *See* Doyal v. Barnhart, 331 F.3d 758, 761 (10th Cir. 2003) (form of words should not obscure the substance of what ALJ actually did).

## Conclusion

For substantially the reasons stated in the Report and as amplified here, the Report and Recommendation is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

Dated this 6th day of June, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

4